UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

**CIVIL ACTION NO. 04-68-DLB**

| | |
|---|---|
| **AARON EDMONSON, ET AL.** | **PLAINTIFFS** |
| and | |
| **TRAVELERS PROPERTY CASUALTY COMPANY** | **INTERVENING PLAINTIFF** |
| vs.    **MEMORANDUM ORDER** | |
| **TREE CITY TOOL & ENGINEERING** | **DEFENDANT/ THIRD-PARTY PLAINTIFF** |
| vs. | |
| **THE CARY CORPORATION, ET AL.** | **THIRD-PARTY DEFENDANTS** |

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court for follow-up on Defendant's request to have the allegations of its Third-Party Complaint against The Cary Corporation taken as confessed. At the last conference, the Court ordered the parties to submit supplemental filings addressing their respective positions on whether The Cary Corporation was properly before the Court, and the impact on the present case schedule, if any, by the *Ryan v. Kentucky Farm Bureau Mutual Insurance Co.* case pending before the Kentucky Supreme Court.

Defendant Tree City Tool & Engineering (Tree City) submits that service upon the Kentucky Secretary of State constitutes proper service upon The Cary Corporation pursuant to Kentucky's long-arm statute, K.R.S. § 454.210, and that it is reasonable to take the allegations of the Third-Party Complaint against The Cary Corporation as confessed.

Tree City also submits that the trial date in this matter should be continued pending the Kentucky Supreme Court's decision in *Ryan.*

Plaintiffs oppose continuing the current final pretrial and trial dates. Plaintiffs and Intervening Plaintiff Travelers Property Casualty Company, who joined in Plaintiffs' brief, dispute the appropriateness of a confessed judgment against The Cary Corporation, challenge whether service of process has been properly effectuated, and challenge whether this Court has personal jurisdiction over The Cary Corporation. They submit that confessing judgment against The Cary Corporation would impermissibly permit Tree City to argue a nominal nonparty's negligence and seek by jury instruction to have fault apportioned against them, contrary to the holding of the Kentucky Court of Appeals in *Ryan*.

Having previously heard from counsel at hearing, and after considering the parties' supplemental filings, the Court finds that confessing the allegations of the Third-Party Complaint against The Cary Corporation is not an appropriate course of action in this particular case. Tree City seeks to have the allegations of the Third-Party Complaint taken as confessed based on the fact that The Cary Corporation is in default. Award of a default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. But Rule 55(b)(2), governing a court's entry of a judgment of default, states in relevant part:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(b)(2). In cases involving multiple defendants, "the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Northland Insurance Co. v. Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D. Mich. 2000).

Even assuming *arguendo* that service of process has been properly effectuated upon The Cary Corporation and that the Court has personal jurisdiction over it for purposes of judgment, Tree City has not otherwise demonstrated that entry of judgment at this time is appropriate or necessary. There are common issues between the parties of whether Plaintiff's injuries resulted from negligence and, if so, what acts of negligence were the sole or contributing causes and by whom. Until the proof is submitted and the case as a whole is adjudicated, considering whether conduct of The Cary Corporation was negligent and to what extent is premature. At the prior Court conference, the parties discussed that although Sachs Automotive was being voluntarily dismissed, evidence must be presented to substantiate that putting an apportionment instruction before the jury is warranted. The same holds true with respect to The Cary Corporation.

Moreover, Plaintiffs challenge the appropriateness of including The Cary Corporation in the apportionment scheme at all. In this regard, they rely upon the Kentucky Court of Appeals' decision in *Ryan v. Kentucky Farm Bureau Mutual Insurance Co.* That decision, though, was ordered not for publication by operation of Kentucky Civil Rule 76.28(4) given that discretionary review was granted. Trial in this case should not occur until a decision is rendered by the Kentucky Supreme Court in *Ryan* and a determination made of its impact, if any, on these proceedings. Therefore, despite Plaintiffs' objection, the final pretrial and trial dates should be vacated. Such action is also necessary given that the

parties recently entered into an Agreed Order extending the deadline for identification of experts and completion of discovery.

Accordingly, for the reasons discussed herein, **IT IS ORDERED that:**

(1)    Motion of Defendant Tree City Tool & Engineering Co., Inc. to take allegations of Third-Party Complaint as confessed (Doc. #34) is hereby **denied;** and,

(2)    The final pretrial conference and trial dates are hereby **vacated** pending further orders of the Court.

This 26th day of September, 2005.

Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\ORDERS\Cov04\68-3PDOrder.wpd